UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ELRAC, LLC,

                             Plaintiff,

           -against-                         **AMENDED COMPLAINT**

CORNUCOPIA LOGISTICS, LLC,

                             Defendant.

------------------------------------------------------------------X

       Plaintiff, ELRAC, LLC, ("ELRAC"), by its attorneys, RIVKIN RADLER LLP, alleges as follows:

       1.     This District Court has original jurisdiction over Plaintiff's claim based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), as well as the amount in controversy exceeds the statutory minimum.

       2.     Venue is appropriate in this District Court pursuant to 28 U.S.C. § 1391(b)(1).

       3.     No member of ELRAC is a citizen of the State of New York.

       4.     Defendant, Cornucopia Logistics, LLC, ("Defendant"), upon information and belief, is a citizen of the State of New York.

       5.     In or about February 2015, ELRAC, LLC commenced a commercial relationship with Defendant through which ELRAC rented commercial vehicles, *e.g.*, cargo vans and medium duty trucks, to Defendant.

       6.     Upon information and belief, Defendant utilized the vehicles for "last mile" delivery services as a contractor for Amazon.

7. ELRAC and Defendant in 2015 executed ELRAC's standard rental agreement, which was generally used at that time for one-off rentals. This agreement, *inter alia,* establishes the condition of the motor vehicle at the inception of the rental and the fuel level; presents a description of the optional products available and whether a renter has accepted or declined each one; establishes the renter's obligations for the payment of rental charges, limits on use of the vehicle and liability for loss, theft and damage of the vehicle, and; establishes certain obligations and disclosures for ELRAC, such as minimum financial responsibility for bodily injury and property damage, as well as specific disclosures pertaining to damage waivers.

8. The Agreement entered into by and between ELRAC and Defendant provided that Defendant was responsible to ELRAC for payment, *inter alia*, of physical damages and related costs to ELRAC's vehicles that it rented.

9. Specifically, the following language appeared in the rental agreements entered into between ELRAC and Defendant concerning Defendant's rental of ELRAC's commercial vehicles:

- "Renter agrees to return vehicle and any Optional Accessories to Owner . . . in the same condition as received, ordinary wear and tear excepted."

- "Additional Obligations of Renter - - Unless prohibited by law Renter shall pay owner . . [f]or damage to Vehicle or Optional Accessories, including all related costs [   ], to the extent DW, [       ], or RAP, as [   ], do not apply."

- "Damages to, Loss or Theft of, Vehicle, Optional Accessories and Related Costs. Except to the extent restricted, modified or limited by State law, Renter accepts responsibility for damage to, loss or theft of, Vehicle Optional Accessories or any part or accessory occurring during the Rental Period regardless of fault or negligence of Renter or any other person or act of God. Renter shall pay Owner the amount necessary to repair Vehicle or Optional Accessories . . . . Renter shall pay Owner the fair market value less any sale proceeds. For purposes of this Agreement, fair market value shall be the retail value of Vehicle immediately preceding the loss. [. . .] Renter agrees to pay a sum for loss of use, regardless of fleet utilization, calculated as follows: (i) if Owner determines Vehicle is repairable: total labor hours from the repair estimate divided by 4 multiplied by

the daily rate on Page 1; (ii) if Vehicle is stolen and not recovered or Owner determines Vehicle is salvage: 15 days at the daily rate on Page 1. Renter also agrees to pay: (a) an administrative fee of $50.00 when the repair estimate is less than $500.00 or $100.00 when the repair estimate is between $500.00 and $1,500.00 or $150.00 if greater than $1,500.00; (b) a sum for diminishments of value if Vehicle is repairable calculated as 10% of the repair estimate if the damages are greater than $499.99. [   ].

- As to Commercial rentals only: Damages to Loss or Theft of Vehicle, Optional Accessories and Related Costs. Except to the extent restricted, modified or limited by State law, Renter accepts responsibility for damage to, loss or theft of, Vehicle, Optional Accessories or any part or accessory occurring during the rental Person regardless of fault or negligence of Renter or any other person or act of god. Renter shall pay Owner the amount necessary to repair Vehicle or Optional Accessories.

10. ELRAC's commercial relationship with Defendant continued to grow, reaching a peak of approximately 110 commercial vehicles rented to Defendant in the early part of 2017.

11. When additional commercial vehicles were rented as part of this commercial relationship, whether because more commercial vehicles were needed by Defendant or the vehicle was returned by Defendant in a damaged condition, ELRAC would sometimes, as a formality, have Defendant execute a new rental agreement for that particular vehicle.

12. Defendant continued to contractually assume responsibility for the payment of physical damages and related costs to ELRAC's vehicles.

13. Throughout its relationship with ELRAC, Defendant returned many vehicles with significant physical damage.

14. Typical damage would include front and rear bumper damage, side mirror and glass damage, dented fenders, rear quarters damage from the inside out, external dents, stressed hinges on sliding doors and rear doors that were also bent out of line.

15. While Defendant compensated ELRAC for the physical damage incurred on certain vehicles, they have refused to compensate ELRAC for the physical damages incurred to approximately one-hundred fifteen other vehicles.

16. ELRAC's 2015 and 2016 standard rental agreements did not have an arbitration provision. The 2017 and 2018 standard rental agreements did.

17. ELRAC has made a demand of Defendant to be compensated for the physical damages incurred to its vehicles rented by Defendant.

18. Defendant has refused ELRAC's demand.

### AS AND FOR ELRAC'S FIRST CLAIM FOR RELIEF
### (Breach of Contractual Obligation)

19. ELRAC hereby incorporates all preceding paragraphs with the same force and effect as if fully set forth herein.

20. Defendant commenced and entered into a contractual relationship with ELRAC in 2015 concerning the renting of its commercial vehicles.

21. Defendant agreed to accept responsibility for and payment to ELRAC for physical damage and related costs to the vehicles that it rented.

22. Defendant returned approximately one-hundred fifteen vehicles damaged, for which no payment to ELRAC has been made.

23. The value of the physical damage to ELRAC's vehicles is in excess of $550,000.

24. Demand has been made of Defendant by ELRAC for payment of the damages caused to its vehicles.

25. Defendant has rejected ELRAC's demand.

26. Defendant is in breach of its contractual obligation to ELRAC.

**WHEREFORE,** Plaintiff requests a judgment against the Defendants:

a. For contractual damages in an amount to be determined at trial, but no less than $550,000, plus pre- and post-judgment interest as provided by law;

b. For an award of attorneys' fees, costs and expenses incurred in the prosecution of this action;

c. For such other and further relief as this District Court deems just and proper.

Dated: Uniondale, New York
      August 1, 2019

                      RIVKIN RADLER LLP
                      Attorneys for Plaintiff

            By:    */s/ Kenneth A. Novikoff*
                    KENNETH A. NOVIKOFF
                    926 RXR Plaza
                    Uniondale, New York 11556-0926
                    (516) 357-3000

4292176 v1